# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHN PAUL THOMAS,

      Petitioner,

v.                                                            CV 08-1016 JH/WPL

JAMES JANECKA AND THE
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

      Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      John Paul Thomas has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, a motion for release from custody while the habeas petition is pending, and a motion for leave to conduct discovery. (Doc. 1, 11, 12.) For the reasons that follow, I recommend that the petition and both motions be denied.

### *Procedural Background*

      After his arrest on October 18, 2007, Thomas was incarcerated in the Doña Ana County Detention Center. (Doc. 1 at 1.) In November 2007, Thomas filed a habeas petition in state court. (Doc. 13 Ex. C.) He alleged that in an effort to understand the nature of the charges against him, he requested to go to the law library, but was advised that the Detention Center does not have one. In addition to researching the charges against him, Thomas stated that he also wanted to research possible habeas petitions regarding his extradition from California and his right to a speedy trial. The state trial court summarily dismissed the habeas petition on the ground that an attorney had been appointed to represent Thomas. (*Id.* Ex. E.) Thomas then filed a petition for a writ of certiorari and

a motion for summary judgment in the state supreme court. (*Id.* Ex. F, H.) In these filings, he indicated that the lack of a law library prevented him from pursuing civil rights suits. (*Id.* Ex. F at 4, Ex. H at 8.) The supreme court refused review. (*Id.* Ex. I.)[1]

In the meantime, Thomas pled guilty to possession of a stolen vehicle, conspiracy to commit possession of a stolen vehicle, and possession of drug paraphernalia. (*Id.* Ex. A, B.) He was sentenced to a total term of two years and six months in prison. (*Id.* Ex. A.)

## *Discussion*

In his federal habeas petition, Thomas asserts two claims, both arising from the Detention Center's failure to provide a law library. First, Thomas asserts that this deficiency denied him "his right to effectively assist his counsel and/or represent himself" in his criminal case. (Doc. 1 at 12.) He contends, "Since this took place during an active criminal proceeding petitioner's due process during said proceeding was denied and petitioner's USCA5 rights were violated." (*Id.*) Thomas requests that this Court declare that his Fifth Amendment rights were violated and overturn his convictions.

Second, he asserts that the lack of a law library deprived him of his right to access the courts to pursue habeas relief in the extradition matter and to pursue civil rights claims. For these deprivations, Thomas again requests the Court to declare that his Fifth Amendment rights were denied and further to declare "that this denial resulted in negative legal consequences." (*Id.* at 13.)

---

[1] The state trial court's initial order denying Thomas's habeas petition contained the wrong caption. (Doc. 13 Ex. D.) The court re-issued the order with the correct caption. (*Id.* Ex. E.) Additionally, the order was not properly docketed. (*Id.* Ex. G at 2.) The trial court also misfiled the habeas petition and could not locate it when the state supreme court requested a copy. (*Id.* Ex. F.) Thomas supplied a copy. Thomas complains about these errors, but there is nothing to indicate that they resulted in any prejudice to him.

Respondents state in their answer that Thomas's claims have been exhausted, that the claims were raised and decided in the state courts, and that Thomas has no remaining state process or remedy for the claims. (Doc. 13 at 3.)

The purpose of a § 2254 proceeding is to challenge the validity of a conviction or sentence. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). It is "'an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" *Id.* (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). A proceeding under 42 U.S.C. § 1983 may be used to challenge the conditions under which a prisoner is confined. *Id.* at 811-12. As the Tenth Circuit has explained: "A habeas corpus proceeding 'attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions.'" *Id.* at 812 (quoting *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir.1993)).

"If a petitioner's claims were adjudicated on their merits by the state courts, the petitioner will be entitled to federal habeas relief only if he can establish that the state court decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' 28 U.S.C. § 2254(d)(1), or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding,' *id.* § 2254(d)(2)." *Smith v. Workman*, 550 F.3d 1258, 1264 (10th Cir. 2008). "State court determinations of fact 'shall be presumed to be correct' unless the presumption is rebutted by 'clear and convincing evidence.' 28 U.S.C. § 2254(e)(1)." *Id.* at 1265.

In his first claim, Thomas attacks his conviction on the ground that the lack of a law library prevented him from assisting his attorney or representing himself in his criminal case. The state trial

3

court denied Thomas's habeas petition on the ground that counsel had been appointed to represent Thomas in his criminal case. "It is well established that providing legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library." *United States v. Taylor*, 183 F.3d 1199, 1204 (10th Cir. 1999). Moreover, "there is nothing constitutionally offensive about requiring a defendant to choose between appointed counsel and proceeding *pro se* without access to legal materials because the [S]ixth [A]mendment is satisfied by the offer of professional representation alone." *Id.* at 1205 (internal quotation marks omitted). Because Thomas had no right to access a law library to assist in his own defense or to represent himself, the trial court's decision is not contrary to, or an unreasonable application of, clearly established federal law.

In his second claim, Thomas does not attack or seek to overturn his conviction or sentence. Instead, he contends that a condition of his confinement—the lack of a law library—prejudiced him in habeas and civil rights proceedings and he seeks a declaration that his right to due process was denied, resulting in negative legal consequences. Any prejudice to Thomas in the habeas and civil rights proceedings cannot invalidate his conviction and sentence in the criminal case at issue here.[2] Because Thomas's second claim does not attack his conviction or sentence, it is not cognizable in this habeas proceeding. *See McIntosh*, 115 F.3d at 811-12; *see also United States v. Brittain*, 41 F. App'x 246, 249 n.2 (10th Cir. 2002) (claim for denial of access to the courts should be brought as a civil rights action).

---

[2] Thomas does not provide any details concerning the extradition matter. Assuming he wanted to challenge his extradition from California to New Mexico for the charges at issue in this criminal case, he still would not have a cognizable habeas claim. Once he was returned to New Mexico, a writ of habeas corpus was no longer available to challenge his confinement on grounds arising in California. *Gee v. Kansas*, 912 F.2d 414, 416 (10th Cir. 1990).

Given my determinations regarding the merits of Thomas's habeas petition, I necessarily conclude that his motion for release from custody should be denied. Thomas also seeks discovery of the state court file—to show that there are irregularities in the file, and of his trial counsel's file—to show that counsel did not represent him on matters unrelated to the criminal case. Neither of these showings would change my conclusions regarding the merits of Thomas's habeas petition. Therefore, the motion for leave to conduct discovery should be denied as well.

*Conclusion*

For the reasons stated above, I recommend that:

1) the petition for a writ of habeas corpus (Doc. 1) be denied;

2) Thomas's first federal habeas claim be dismissed with prejudice;

3) Thomas's second federal habeas claim be dismissed without prejudice to his ability to seek relief under 42 U.S.C. § 1983; and

4) the motion for release from custody (Doc. 11) and motion for leave to conduct discovery (Doc. 12) be denied.

**THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE