# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHN PAUL THOMAS,

       Petitioner,

v.                                          CV 08-1016 JH/WPL

JAMES JANECKA AND THE
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

       Respondents.

## REVISED PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

John Paul Thomas has filed objections to my Proposed Findings and Recommended Disposition (PFRD) in this matter. In light of Thomas's objections, I revise my PFRD as follows.

### *Procedural Background*

After his arrest on October 18, 2007, Thomas was incarcerated in the Doña Ana County Detention Center. (Doc. 1 at 1.) Thomas submitted a pretrial state habeas petition, complaining of the Detention Center's lack of a law library. (Doc. 13 Ex. C.) The petition was signed by Thomas on November 8, 2007, but not filed by the state trial court until November 28, 2007. On November 27, 2007, the state trial court appointed counsel to represent Thomas on the criminal charges. (*Id.* Ex. D.) On March 4, 2008, the state trial court summarily dismissed the habeas petition on the ground that an attorney had been appointed to represent Thomas. (*Id.*)[1] On May 30, 2008, Thomas filed a petition for a writ of certiorari in the state supreme court, and on September 8, 2008, he filed

---

[1] The caption of the order erroneously named the defendant as "Richard R. Sanchez." This error was corrected, and the order was refiled, on April 22, 2008. (Doc. 13 Ex. E.)

a motion for summary judgment there.  (*Id.* Ex. F, H.)[2]  On September 11, 2008, the state supreme court denied the certiorari petition and the summary judgment motion.  (*Id.* Ex. I.)

In the meantime, Thomas pled guilty to possession of a stolen vehicle, conspiracy to commit possession of a stolen vehicle, and possession of drug paraphernalia.  (*Id.* Ex. A, B.)  According to a judgment filed on June 9, 2008, he was convicted on March 21, 2008 and was sentenced on May 27, 2008.  (*Id.* Ex. A.)

On October 27, 2008, Thomas filed a federal habeas petition, specifically invoking 28 U.S.C. § 2254.  (Doc. 1.)  He asserted two claims, both arising from the Detention Center's failure to provide a law library.  First, he contended that this deficiency denied him "his right to effectively assist his counsel and/or represent himself" in his criminal case.  (*Id.* at 12.)  He stated, "Since this took place during an active criminal proceeding petitioner's due process during said proceeding was denied and petitioner's USCA5 rights were violated."  (*Id.*)  He requested that this Court declare that his Fifth Amendment rights were violated and overturn his convictions.

Second, he contended that the lack of a law library deprived him of his right to access the courts to pursue habeas relief in an extradition matter and to pursue civil rights claims.  For these deprivations, Thomas again requested the Court to declare that his Fifth Amendment rights were denied and further to declare "that this denial resulted in negative legal consequences."  (*Id.* at 13.)

Respondents filed an answer, in which they stated that Thomas's "claims have been exhausted [because they] were raised and decided during the state habeas corpus proceedings and

---

[2] The state supreme court requested a copy of the habeas petition from the trial court.  The trial court could not supply a copy because the habeas petition had been misfiled.  (*Id.* Ex. F.)  Thomas supplied a copy. In his federal habeas petition and in his objections to the PFRD, Thomas complains about this error and the erroneous caption on the order of summary dismissal, but there is nothing to indicate that these errors resulted in any prejudice to him.

by the New Mexico Supreme Court." (Doc. 13 at 3.)  In paragraphs ten and eleven of their answer, Respondents asserted that Thomas had not satisfied the standard of review set out in 28 U.S.C. § 2254 because he had not shown that the state court decisions were contrary to or an unreasonable application of federal law or were based on an unreasonable determination of the facts in light of the evidence presented, nor had he presented clear and convincing evidence to rebut the presumption of correctness that attached to the state courts' factual determinations.

Thomas filed a reply to Respondents' answer.  Attempting to refute paragraphs ten and eleven, Thomas referred the Court to his verified state and federal petitions and stated that "Respondents are further disproved by a separate petition for Writ of Habeas Corpus filed in the trial courts [sic] and asserting erroneous conduct and illegal conviction." (Doc. 14 at 2.)  Attached to the reply was a new state habeas petition, signed by Thomas on October 9, 2008.  (*Id.* Ex. A.)  The new petition raised six claims related to his convictions and punishment.  Thomas suggested that the claims raised in the new petition were not included in the first state habeas petition because they did not occur until several months after that petition was filed.  He did not expressly request leave to amend his federal petition to include the new claims.

In my PFRD, I rejected Thomas's first claim on essentially the same ground as the state trial court, *i.e.*, that appointing counsel was an adequate substitute for a law library.  I recommended that this claim be dismissed with prejudice.  I concluded that the second claim was not cognizable in this habeas proceeding because it did not attack the conviction or sentence.  Accordingly, I recommended that it be dismissed without prejudice to Thomas's ability to seek relief under 42 U.S.C. § 1983.

### Objections to the PFRD

In his objections to the PFRD, Thomas asserts that I misunderstood his claims. Regarding the first claim, he states that "[t]he issue is more than the absence of a law library, . . . but rather governs a total denial of due process . . . ." (Doc. 16 at 2.) Thomas urges that his appointed counsel was not an adequate substitute for a law library. He goes on to detail some of counsel's alleged inadequacies.

Thomas also indicates that I misunderstood his second claim. I noted that Thomas did not provide any details about the extradition matter he wished to research in a law library, but I assumed that he wished to challenge his extradition from California for trial on the New Mexico charges. Thomas now reveals that he wanted to challenge his extradition to California and that "New Mexico's interference" caused his California parole to be revoked. (*Id.* at 4.)

Finally, Thomas again attaches the new state habeas petition and states that if the Court is still not convinced that he was "the victim of gross deprivation of his civil rights," he "proposes that judgment be postponed, the outstanding habeas corpus in state court that has set in the state court for almost six (6) months without yet being given a preliminary examination . . . be removed and joined to the petition in this case . . . and leave of the Court be granted to allow [him] to amend his complaint to encompass all claims in both petitions." (Doc. 16 at 6.)

### Discussion

### Condition of Confinement Claim

As noted above, the original PFRD determined that Thomas's second federal claim was not cognizable in a habeas proceeding because it did not attack the conviction or sentence. In that claim, Thomas contended that a condition of his confinement—the lack of a law library—prejudiced his pursuit of civil rights claims and his pursuit of habeas relief in an extradition matter. I concluded

that any prejudice to Thomas in those civil rights and habeas proceedings cannot invalidate his conviction and sentence in the criminal case at issue here. Thomas's clarification that he wanted to challenge his extradition to California and a parole revocation matter in that state does not change this conclusion. Accordingly, I adhere to my original determination that Thomas's second federal claim should be dismissed without prejudice to his ability to seek relief under 42 U.S.C. § 1983 for any injuries caused by the lack of a law library. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997); *see also United States v. Brittain*, 41 F. App'x 246, 249 n.2 (10th Cir. 2002) (claim for denial of access to the courts should be brought as a civil rights action).

### Unexhausted Claims

Pursuant to 28 U.S.C. § 2254, a habeas petition cannot be granted unless the petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1)(A). Respondents cannot "be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless [they] . . . expressly waive[d] the requirement." *Id.* § 2254(b)(3). In their answer, Respondents stated that the claims Thomas originally raised in his federal petition "have been exhausted." (Doc. 13 at 3.) Based on this express waiver of the exhaustion requirement, I addressed the merits of Thomas's first claim. *See Gonzales v. McKune*, 279 F.3d 922, 926 & n.8 (10th Cir. 2002) (holding that the express waiver requirement was satisfied where the respondent's answer "'admit[ted] that petitioner has properly exhausted the issues now presented to this Court'").

Nevertheless, it appears that Thomas's first claim has not been exhausted. Although he complained about the lack of a law library in his original state petition, he filed that petition before he had been convicted. He filed his federal § 2254 petition after he had been convicted and he specifically argued in his first claim that his convictions should be overturned because the lack of

a law library deprived him of due process.  Thus, the nature of the relief sought by the two petitions is different.

Moreover, Thomas's federal petition, unlike his state petition, seems to raise an ineffective assistance of counsel claim.  In their response to Thomas's certiorari petition, filed in state court, Respondents asserted that Thomas did "not challenge the quality of legal representation."   (Doc. 13 Ex. G at 3.)  In his federal petition, Thomas stated that this was "untrue as [he] called the Public Defender's Department to voice his complaints . . . and wrote a letter to their main office . . . ." (Doc. 1 at 9.)  During my initial review of the petition, I did not construe this passing reference as an attempt to raise ineffective assistance of counsel.  In his objections, however, Thomas makes clear that he considers his counsel ineffective.  (*See, e.g.,* Doc. 16 at 4 (citing cases on ineffective assistance).)

Issues raised for the first time in objections to a PFRD are deemed waived.  *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).  But *pro se* petitions, no matter how inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).  Construing Thomas's first claim liberally and in light of his objections, it raises the issue of ineffective assistance of counsel—an issue not asserted in the original state habeas petition.

Despite Respondents' waiver of the exhaustion requirement, the Court may invoke the requirement *sua sponte.  See Gonzales*, 279 F.3d at 926.  When deciding whether to invoke the exhaustion requirement *sua sponte*, a court should consider whether the petitioner would be prejudiced by the delayed focus on exhaustion and whether the interests of justice, judicial economy, comity, and federalism would be better served by raising the issue.  *See Granberry v. Greer*, 481 U.S. 129, 135-36 (1987); *cf. Day v. McDonough*, 547 U.S. 198, 210 (2006) (discussing *sua sponte*

invocation of limitations defense).  Here, invoking the exhaustion requirement will not prejudice Thomas and will instead serve important interests.

After his conviction, Thomas filed the new state habeas petition, and now he is seeking to amend his federal petition to include the claims in the new state habeas petition.  The claims in the new state petition have not been exhausted because the state trial court has yet to rule on the petition, and Thomas did not raise the claims in a direct appeal.[3]  Respondents' waiver of the exhaustion requirement does not apply to these claims because Thomas did not attempt to include them in his federal habeas petition until after Respondents filed their answer.  It would be contrary to the principles of comity and federalism to allow Thomas to add these claims to his federal petition before the state courts have considered them.  Furthermore, if any of the claims are meritorious, this Court cannot grant relief until the state courts have reviewed them.  *See* 28 U.S.C. § 2254(b)(1)(A). Yet if leave to amend is denied and the first claim in the federal petition is dismissed on the merits as a result of Respondents' waiver of exhaustion, Thomas may be prevented from ever pursuing federal habeas relief for the new claims, even after exhausting state court remedies, because of the limitations on second or successive federal habeas petitions.  *See* 28 U.S.C. § 2244(b)(2) (requiring that claims presented in a second or successive § 2254 petition be dismissed except in a narrow set of circumstances).  These limitations do not apply if the first federal petition was dismissed without prejudice for lack of exhaustion.  *Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998); *Moore v. Schoeman*, 288 F.3d 1231, 1236 (10th Cir. 2002).  Therefore, if the first federal claim is dismissed without prejudice for failure to exhaust and the state court ultimately rejects his new claims, Thomas can then file a federal petition that includes all of his claims.  This result promotes judicial economy

---

[3] Respondents state in their answer that no direct appeal was filed.  (Doc. 13 at 3.)

and comity while at the same time allowing for the possibility that all of Thomas's claims will be considered by a federal court if he is unsuccessful in state court.

Because I have invoked the exhaustion requirement *sua sponte*, the parties should have an opportunity to present their positions on the issue. *Cf. Day*, 547 U.S. at 210 (applying this rule to *sua sponte* raising of limitations defense); *Hardiman v. Reynolds*, 971 F.2d 500, 505 (10th Cir. 1992) (applying this rule to *sua sponte* raising of procedural default defense). They may choose to present their positions in their objections to this revised PFRD.

### *Conclusion*

For the reasons stated above, I recommend that the motion for release from custody (Doc. 11) and motion for leave to conduct discovery (Doc. 12) be denied and that this cause be dismissed without prejudice.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

---

WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE