**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOHN PAUL THOMAS,

      Petitioner,

v.                                                             CV 08-1016 JH/WPL

JAMES JANECKA AND THE
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

      Respondents.

**ORDER ADOPTING MAGISTRATE JUDGE'S REVISED PROPOSED FINDINGS AND**
**RECOMMENDED DISPOSITION**

On February 25, 2009, the magistrate judge filed his Proposed Findings and Recommended Disposition (PFRD) regarding John Paul Thomas's 28 U.S.C. § 2254 application. (Doc. 15.) The PFRD stated that Thomas asserted two claims in the application. First, Thomas contended that the absence of a law library denied him the right to assist his counsel or represent himself in his state criminal case. Second, he contended that the absence of a law library deprived him of his right to access the courts to pursue habeas relief in an extradition matter and to pursue civil rights claims. The magistrate judge recommended that the first claim be dismissed with prejudice because the appointment of counsel to represent Thomas was an adequate substitute for a law library. Concluding that the second claim is not cognizable in habeas, the magistrate judge recommended that it be dismissed without prejudice to Thomas's ability to seek relief under 42 U.S.C. § 1983.

On March 9, 2009, Thomas filed objections to the PFRD. (Doc. 16.) In addition to complaining about the magistrate judge's treatment of his federal claims, Thomas requested leave to amend his § 2254 application to include claims currently pending in a state habeas proceeding. On April 3, 2009, the magistrate judge filed his Revised Proposed Findings and Recommended

Disposition (Revised PFRD).  (Doc. 17.)  In the Revised PFRD, the magistrate judge considered Thomas's objections and liberally construed Thomas's first claim, in light of the objections, to raise the issue of ineffective assistance of counsel.  Because this issue had not been previously raised in state court, the magistrate judge recommended that the second claim be dismissed without prejudice for lack of exhaustion.  The magistrate judge determined that invoking the exhaustion requirement *sua sponte* would not prejudice Thomas and would serve the federal judiciary's interest in judicial economy, comity, and resolution of issues on their merits.

The Revised PFRD notified the parties that objections were due within ten days of service of the Revised PFRD and that if no objections were filed, no appellate review would be allowed.  The parties were also advised that they could include their positions regarding exhaustion in their objections to the Revised PFRD.  To this date, Thomas has not responded to the Revised PFRD.  Respondents filed a response, stating their concurrence with the Revised PFRD.  (Doc. 18.)

IT IS THEREFORE ORDERED that:

1) the Revised PFRD is adopted as an order of the Court;

2) Thomas's motions for release from custody and to conduct discovery (Doc. 11, 12) are denied; and

3) this cause is dismissed without prejudice.

_____
JUDITH HERRERA
UNITED STATES DISTRICT JUDGE